UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SONDAI HARRIS, D-5,

    Defendant.

_____/

Case No. 14-cr-20383

Honorable Nancy G. Edmunds

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE [411]**

Before the Court is Defendant Sondai Harris's motion to reduce his sentence to time served, filed under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Defendant filed a motion with a brief in support (ECF No. 411), a reply brief (ECF No. 417), and several exhibits. The Government filed a response in opposition to the motion. (ECF No. 416.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court denies Defendant's motion.

**I.**  **Background**

Between August 2013 and September 2013, Defendant acted as the principal source of more than 100 grams of heroin brokered by a father-son duo operating out of a false storefront in Detroit. (ECF No. 416 at 4.) He was indicted on July 1, 2014, arrested, and released on bond. (ECF No. 1, 72, 76.) He later pleaded guilty to one count of conspiracy to possess heroin with the intent to distribute it. (ECF No. 158.)

1

After his plea, but before he was sentenced in this matter, Defendant was stopped by highway patrol while travelling in a vehicle in Ohio, a state to which he did not have permission to travel. Officers found more than 100 grams of cocaine and 30 Oxycodone pills in the trunk of the car. Defendant was arrested and charged although those charges were later dismissed pending sentencing in this matter. (ECF No. 416 at 5.)

On April 18, 2017, this Court sentenced to Defendant to 87 months imprisonment, a sentence well below the guideline range of 188 to 235 months. (ECF No. 277.) To date, Defendant has served approximately 54 months of his sentence. (ECF No. 411-2.) He is 46 years old and currently incarcerated at FCI Milan, in Milan, Michigan. On June 3, 2020, Defendant requested compassionate release from the warden of FCI Milan. He did not receive a response. He now moves the Court for compassionate release.

As the basis for his motion, Defendant complains of morbid obesity, Type 2 diabetes, and hypertension in combination with the increased threat of infection from COVID-19 in the congregate confinement of a prison setting. Defendant believes his underlying conditions place him at a far greater risk of dying from COVID-19 when compared to the general inmate population at FCI Milan. Presently, the Bureau of Prisons reports 2 active cases of COVID-19, 336 recoveries, and 3 deaths at that facility. *See COVID-19 Cases*, Federal Bureau of Prisons (last updated Mar. 2, 2021), https://perma.cc/H5D3-G5UW. Defendant thus asks the Court to reduce his sentence to time-served so that he may better protect himself from coming into contact with the virus.

**II.   Analysis**

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons when there are "extraordinary and

2

compelling" reasons to do so. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Historically, only the Director of the Bureau of Prisons could bring such a motion, but this changed with the passage of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). An inmate may now bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *Id.* at 1004 (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

The Sixth Circuit has instructed district courts to engage in a three-step analysis when considering a compassionate-release motion: *First*, consider whether "extraordinary and compelling reasons warrant [a sentence] reduction." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). *Second*, "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id. Third*, "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The policy statement referenced in step two is found in U.S.S.G. § 1B1.13 and presently only applies to motions brought by the Bureau of Prisons, not to inmate-filed motions. *Elias*, 984 F.3d at 519. Thus, when considering inmate-filed motions for compassionate release, "district courts have full discretion" to determine what reasons are "extraordinary and compelling." *Jones*, 980 F.3d at 1111.

3

Here, the Government concedes Defendant has met the first and second requirements for compassionate release. *See Elias*, 984 F.3d at 518. Defendant properly exhausted his administrative remedies by submitting a request for release to the warden at FCI Milan on June 3, 2020 and waiting over 30 days before filing the present motion. (ECF No. 411-2, 416 at 6.) Additionally, Defendant's Type 2 Diabetes and severe obesity have been confirmed by the CDC as conditions that increase one's risk of severe illness from COVID-19. Accordingly, the Government agrees Defendant satisfies step two of the *Elias* analysis. (ECF No. 416 at 2.) Nonetheless, the Government maintains Defendant is a danger to the community and that his request for early release should be denied based upon a consideration of the 18 U.S.C. § 3553(a) factors. The Court agrees.

A Court's determination that the 18 U.S.C. § 3553(a) factors do not support relief is an independent basis for denying compassionate release. *Ruffin*, 978 F.3d at 1001. These factors require consideration of a defendant's history and characteristics, the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need to promote respect for the law and provide just punishment, among other things. *See* 18 U.S.C. § 3553(a).[1] "District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision . . . [b]ut 'as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge

---

[1] Wrapped up in this analysis is also the Government's argument, based upon the now irrelevant U.S.S.G. § 1B1.13, that releasing Defendant would endanger the community. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion."). While a defendant is no longer required to prove "lack of dangerousness" to succeed on a § 3582(c)(1)(A) motion, the effect his early release would have on the safety of any other person or the community is incorporated into several § 3553(a) factors.

need not 'specifically articulate' its analysis of every single § 3553(a) factor." *Jones*, 980 F.3d at 1114 (emphasis in the original) (quoting *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)).

Turning first to Defendant's history and characteristics, the Court notes that Defendant has battled drug and alcohol addictions throughout most of his life and commends him for attempting to address these issues while imprisoned. Nevertheless, Defendant's long history of drug and other criminal convictions and, more importantly, the nature and circumstances of this case weigh against Defendant's early release. Defendant was involved in a highly sophisticated drug operation and provided over 100 grams of heroin to his co-defendants for redistribution in the Detroit community. Moreover, this was not his first offense, nor was it his last. Defendant had five previous convictions before committing the illegal acts that led to his arrest in this case. Three of those convictions related to drugs or drug distribution. And, despite being indicted and pleading guilty to conspiring to possess and distribute heroin in this case, Defendant violated his pretrial release conditions and was caught in another state in the presence of large quantities of drugs. Accordingly, these factors weigh against granting Defendant the relief he seeks.

The remaining § 3553(a) factors also favor denying Defendant's motion. At the time of Defendant's sentencing, the Court took into consideration Defendant's unique circumstances and determined a downward variance from the 188 to 235-month guideline range was sufficient, but not greater than necessary to achieve the goals of § 3553(a). Defendant's 87-month sentence remains appropriate today despite the emergence of the COVID-19 pandemic and Defendant's health concerns. This original sentence adequately

reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and hopefully affords adequate deterrence to future instances of similar criminal conduct.

In sum, Defendant's health in the context of the COVID-19 pandemic, although concerning, is not sufficient to alter the weighing of the sentencing factors in any significant way and compassionate release is not appropriate.

### III.    Conclusion

For the foregoing reasons, Defendant's motion is DENIED.

SO ORDERED.

                                         s/ Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Court Judge

Dated: March 3, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2021, by electronic and/or ordinary mail.

                                         s/ Lisa Bartlett
                                         Case Manager