UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SONDAI HARRIS, D-5,

    Defendant.

_____/

Case No. 14-cr-20383

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [433]**

Defendant Sondai Harris is currently in the custody of the Federal Bureau of Prisons serving an 87-month term of imprisonment at the Federal Correctional Institute in Milan, Michigan. On March 3, 2021, the Court denied Defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (ECF No. 432.) The matter is now before the Court on Defendant's emergency motion for reconsideration of that order. (ECF No. 433.)

Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may move for reconsideration of an order within fourteen days of the order's issuance. For the motion to succeed, the movant "must not only demonstrate a palpable defect by which the Court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). A court generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." *Id.*

1

Defendant argues that reconsideration is warranted because the Court's prior grants of compassionate release are inconsistent with the denial of Defendant's motion. In support of this contention, Defendant rehashes his arguments regarding his health risks in the face of the COVID-19 pandemic. The Court finds that these arguments are merely an improper attempt to relitigate the same issue that was before the Court at the time it considered his motion. *See Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (noting that "motions for reconsideration are not the proper vehicle to relitigate issues previously considered") (internal quotations and citation omitted).

Moreover, the cases Defendant cites where this Court has granted compassionate release can be distinguished. In *United States v. Owdish*, for example, the defendant was convicted of financial crimes, sentenced to only one year plus one day imprisonment, and had only a few months remaining on his sentence. No. 18-CR-20423, 2020 WL 4596822, at *4 (E.D. Mich. Aug. 11, 2020). Under those circumstances, the Court concluded that releasing the defendant to home confinement would not subject the public to greater risk. *Id.* Unlike the defendant in *Owdish*, Defendant here was involved in a highly sophisticated drug conspiracy which sought to distribute well over 100 grams of heroin throughout the Detroit community. Defendant was sentenced to an 87-month term of incarceration for his crime and has served less than 60 months. Additionally, Defendant has shown by his significant pretrial release violation[1] that early release is not appropriate in this case and would not necessarily protect the public from further crimes of Defendant.

---

[1] After his plea, but before he was sentenced in this matter, Defendant was stopped by highway patrol while travelling in a vehicle in Ohio, a state to which he did not have permission to travel. Officers found more than 100 grams of cocaine and 30 Oxycodone pills in the trunk of the car. Defendant was arrested and charged although those charges were later dismissed pending sentencing in this matter. (ECF No. 416 at 5.)

Similarly, this case can be distinguished from *United States v. Rahim*, No. 16-20433, 2020 WL 2604857, at *1 (E.D. Mich. May 21, 2020), and *United States v. Moore*, No. 06-20465, 2020 WL 6440920, at *1 (E.D. Mich. Nov. 3, 2020). The Court granted compassionate release to those defendants because, among other things, their age and health conditions placed them in the highest COVID-19 risk category and the § 3553(a) factors favored release. Although the Court agrees with Defendant that his underlying conditions are serious, he is at less risk at 46 years old than the defendants in *Rahim* and *Moore* who were 67 and 73 years old, respectively. *See Rahim*, 2020 WL 2604857 at *3 (relying on data released by the CDC that indicated approximately 80% of deaths from COVID-19 in the United States occurred in individuals aged 65 or older). Defendant's relatively lower risk is not enough to alter the balance of the § 3553(a) factors.

In sum, Defendant may disagree with the Court's conclusion, but he has not identified a palpable defect upon which the Court and the parties have been misled. Defendant is therefore not entitled to the relief he seeks.

Based upon the foregoing, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

                         s/ Nancy G. Edmunds
                         Nancy G. Edmunds
                         United States District Court Judge

Dated: June 15, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2021, by electronic and/or ordinary mail.

                        s/ Lisa Bartlett
                        Case Manager